1  BILL LOCKYER
   Attorney General of the State of California
2  TOM GREENE
   Chief Assistant Attorney General
3  THEODORA BERGER
   Senior Assistant Attorney General
4  REED SATO
   ROSE B. FUA
5  TIMOTHY E. SULLIVAN, State Bar No. 197054
   Deputy Attorney General
6   1515 Clay Street, 20th Floor
    P.O. Box 70550
7   Oakland, CA  94612-0550
    Telephone:  (510) 622-4038
8   Fax:  (510) 622-2270

9  Attorneys for Plaintiff

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,** | CASE NO. Civ.S-02-0442 LKK DAD |
| Plaintiff, | **ORDER APPOINTING SPECIAL MASTER FOR SETTLEMENT** |
| v. | |
| **CITY OF CHICO, CALIFORNIA, et al.,** | |
| Defendants. | |

21      After reviewing the progress of mediation in this action before Martin Quinn of JAMS, and

22  with the consent of all parties, this Court finds that the appointment of a Special Master for

23  purposes of further mediation and settlement is justified and necessary.

24      Pursuant to Federal Rule of Civil Procedure 53 it is **ORDERED** that the current mediator,

25  Martin Quinn, JAMS, Two Embarcadero Center, Suite 1100, San Francisco, CA 94111,

26  (415) 982-5267, is appointed as Special Master for purposes of mediation and settlement.

27      The Special Master shall having the following authority, which he shall exercise with all

28  reasonable diligence in accordance with Rule 53:

Order Appointing Special Master for Settlement

1

1     1.    To direct, manage, and facilitate the settlement negotiations among the parties and their

2  insurers.

3     2.    To schedule mediation sessions, telephone conference calls, and other forms of

4  communication among the parties, and to require the parties, counsel, expert consultants, and

5  insurers to attend and participate in mediation sessions and/or other communications.  The

6  Special Master will make reasonable efforts to take into consideration the convenience of

7  attendees when selecting locations for mediation sessions.

8     3.    To require that parties and their insurers appear and participate at mediation

9  sessions with full authority to negotiate in a good faith effort to reach a settlement.

10     4.    To take all appropriate measures to perform fairly and efficiently the

11  responsibilities of a mediator in an effort to effectuate a complete settlement of this action.

12     5.    To report to the Court at regularly scheduled status conferences the progress and

13  status of the settlement negotiations.

14     JAMS shall charge $500/hour for Mr. Quinn's services as Special Master, plus the

15  normal JAMS administrative fee of 10% of the professional charges.   The Special Master will

16  not charge for travel time within the Bay Area, will charge one-half travel time for travel to

17  Sacramento, and will charge full time for travel beyond Sacramento.  JAMS will charge for out-

18  of-pocket expenses such as meals provided during mediation sessions, express mail charges, and

19  telephone conference calls.  No charge will be made for mileage, routine copying, faxing,

20  telephone, and postage.

21     Pursuant to the parties' agreement, the parties shall pay the JAMS charges for the Special

22  Master's service in eight equal shares of 12.5% each:  plaintiff DTSC shall pay two shares;

23  defendants City of Chico, the Noret defendants, the Peden defendants, Sunset View Cemetery

24  Association, and California Water Service Company shall each pay one share; the third-party

25  defendants (Shillings, Metcalf & Eddy, Chico Unified School District, Newton-Bracewell, Inc.,

26  Verne Lee, Lee & Lee Investments, Mary Ann Mabrey, Chico Memorial Mausoleum Assoc., and

27  Genevieve Conley Revocable Trust) shall pay collectively one share, which shall be divided

28  amongst the third-party defendants according to the terms of their agreement.  If any party is

Order Appointing Special Master for Settlement

1  added to or removed from the case, the pro rata shares shall be reallocated as the parties agree or

2  by order of the Court.  At the request of any party, the Court shall review and approve the

3  charges for the Special Master's services.

4      The parties may have ex parte communications with the Special Master as to all matters

5  related in any way to the mediation process.  The Special Master may communicate ex parte with

6  the Court as he and the Court deem necessary concerning the status of the mediation process, but

7  shall not disclose to the Court the specifics of any party's settlement position without the consent

8  of that party.

9      The Special Master need not preserve any record of his activities.

10     The Clerk is directed to add Special Master Quinn to the court's electronic service list at

11  mquinn@jamsadr.com and dskaggs@jamsadr.com.

12     IT IS SO ORDERED.

13

14
   DATED: September 23, 2005.              /s/Lawrence K. Karlton
15                                         LAWRENCE K. KARLTON
                                           SENIOR JUDGE
16                                         UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

Order Appointing Special Master for Settlement

3