1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TOM GREENE
     Chief Assistant Attorney General
3  THEODORA BERGER
     Senior Assistant Attorney General
4  SALLY KNOX
     Supervising Deputy Attorney General
5  ROSE B. FUA
   TIMOTHY E. SULLIVAN (S.B. # 197054)
6    Deputy Attorneys General
   1515 Clay Street, 20th Floor
7  P.O. Box 70550
   Oakland, CA 94612-0550
8  Telephone: (510) 622-2100
   Fax: (510) 622-2270
9

10 Attorneys for Plaintiff
   CALIFORNIA DEPARTMENT OF TOXIC
11 SUBSTANCES CONTROL

12

13              UNITED STATES DISTRICT COURT

14          FOR THE EASTERN DISTRICT OF CALIFORNIA

15

16 | CALIFORNIA DEPARTMENT OF TOXIC | Case No. CIV. S-02-0442 LKK DAD
   | SUBSTANCES CONTROL, |
17 | |
   | Plaintiff, | **SETTLEMENT AGREEMENT AND**
18 | v. | **CONSENT DECREE BETWEEN**
   | | **DTSC AND THE CITY OF CHICO**
19 | CITY OF CHICO, CALIFORNIA, et al., |
20 | Defendants. |
21

22

23                    **INTRODUCTION**

24        Plaintiff, the California Department of Toxic Substances Control ("DTSC"), filed an

25 amended complaint on December 3, 2002, (the "Complaint") in the United States District Court

26 for the Eastern District of California (the "Court"), pursuant to the Comprehensive

27 Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et

28 seq., and California state law governing the release of hazardous substances, and nuisance.  This

                              1.

1  Consent Decree embodies the settlement reached between DTSC and defendant the City of

2  Chico.

3        The Court, on the motion and with the consent of DTSC and the City of Chico, hereby

4  **ORDERS, ADJUDGES, AND DECREES** as follows:

5        1.      **DEFINITIONS**

6             A.      All terms used in this Consent Decree that are defined in section 101 of

7  CERCLA, 42 U.S.C. § 9601, shall have the same meaning set forth in that section.

8             B.      "DTSC," as used in this Consent Decree, shall mean DTSC, its

9  predecessors including, but not limited to, the Toxic Substances Control Program of the State of

10  California Department of Health Services, and its successors.

11             C.      "Chico Central Plume" means both the soil and groundwater existing in

12  the shallow, intermediate, and/or lower aquifers underlying the city of Chico mostly north of

13  Big Chico Creek that are contaminated with perchloroethylene and its breakdown products, the

14  area of which is roughly represented by Figure 2-1 of the "Draft Remedial Action Plan, Chico

15  Central Plume, Chico, California" dated March 1, 2006 (attached hereto as Exhibit A and

16  incorporated herein by this reference), and all locations where such contaminants may come to

17  be located.

18             D.      "Response Costs," as used in this Consent Decree, shall include all costs

19  of  "removal," "remedial action," or "response" (as those terms are defined by section 101 of

20  CERCLA), incurred or to be incurred by DTSC in response to the release or threatened release

21  of hazardous substances at, in, or from the Chico Central Plume.  Said term shall include, but

22  not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other

23  out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing

24  claims against persons or entities liable for the release or threatened release of hazardous

25  substances at, in, or from the Chico Central Plume; indirect costs; oversight costs; applicable

26  interest charges; and attorneys' fees.

27             E.      "Remedial Action Plan," as used in this Consent Decree, shall mean a

28  remedial action plan prepared to address the release or threatened release of hazardous

2.

1   substances at, in, or from the Chico Central Plume and finally approved by DTSC as described

2   in California Health and Safety Code section 25356.1, and also includes any amendments to the

3   remedial action plan that are subsequently approved by DTSC.

4   F.   "Proposed Remedy" means a remedial action to address contamination at,

5   in, or from the Chico Central Plume, as set forth in detail as "Modified Alternative G" in the

6   Draft Remedial Action Plan dated March 1, 2006.

7   G.   "Effective Date" is the day on which this Consent Decree is entered as an

8   order of the Court.

9   2.   **RECITALS**

10   A.   DTSC is the California state agency with primary jurisdiction over the

11   response to the release and threatened release of hazardous substances at, in, or from the Chico

12   Central Plume.

13   B.   By and through its Complaint, DTSC seeks to recover jointly and

14   severally from the City of Chico, and other defendants who are not parties to this Consent

15   Decree, all costs it has incurred in response to releases and/or threatened releases of hazardous

16   substances at, in, or from the Chico Central Plume, pursuant to section 107(a) of CERCLA.

17   DTSC also seeks a declaratory judgment that defendants are jointly and severally liable for all

18   additional costs incurred by DTSC in response to the releases and/or threatened releases of

19   hazardous substances at, in, or from the Chico Central Plume pursuant to section 113(g)(2) of

20   CERCLA, 42 U.S.C. § 9613(g)(2).  DTSC alleges that it will continue to incur Response Costs

21   until the remedy selected in the Remedial Action Plan, and implementation, operation and

22   maintenance of that remedy, is completed.  DTSC also seeks injunctive relief to abate a public

23   nuisance (California Health and Safety Code section 58009) and to abate an imminent or

24   substantial endangerment to public health and safety or to the environment (California Health

25   and Safety Code section 25358.3).  DTSC also seeks to enforce administrative orders issued to

26   various defendants, not including the City of Chico, for investigation and remediation of the

27   Chico Central Plume (California Health and Safety Code section 25358.3) and seeks damages

28   suffered by DTSC as a result of the failure of certain defendants to properly undertake a

3.

1   removal or remedial action (California Health and Safety Code section 25359).

2           C.      By entering into this Consent Decree, the City of Chico makes no

3   admission of liability.

4           D.      Each of the parties to this Consent Decree represents and acknowledges

5   that, in deciding whether to enter into this Consent Decree, it has not relied on any statement of

6   fact, statement of opinion, or representation, express or implied, made by any other party to this

7   Consent Decree. Each of the parties to this Consent Decree has investigated the subject matter

8   of this Consent Decree to the extent necessary to make a rational and informed decision to

9   execute it, and has had the opportunity to consult independent counsel.

10           E.      DTSC and the City of Chico agree that settlement without further

11   litigation and without the admission or adjudication of any issue of fact or law is the most

12   appropriate means of resolving this action. This Consent Decree was negotiated and executed

13   by DTSC and the City of Chico in good faith to avoid prolonged and complicated litigation.

14   DTSC and the City of Chico, moreover, have negotiated and executed this Consent Decree to

15   further the public interest and to protect human health and the environment.

16       3.    **JURISDICTION**

17       This Court has jurisdiction over DTSC's federal law claims, which arise under

18   CERCLA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). This Court has jurisdiction

19   over DTSC's state law claims under the supplemental jurisdiction provision of 28 U.S.C.

20   § 1367(a) and under 28 U.S.C. § 2201, in that the state and federal claims arise from common

21   facts relating to the release of hazardous substances and remediation of or failure to remediate

22   the resulting contamination. This Court has personal jurisdiction over each of the parties to this

23   Consent Decree. Venue is proper in the Eastern District of California pursuant to 28 U.S.C.

24   § 1391(b) and 42 U.S.C. § 9613(b). This Court, further, has the authority to enter this Consent

25   Decree as a consent decree of the Court.

26       4.    **SETTLEMENT OF DISPUTED CLAIMS**

27           4.1    This Consent Decree represents a fair, reasonable, and equitable

28   settlement of the matters addressed herein.

4.

1    4.2    For the purposes of this Consent Decree, the City of Chico admits none

2    of the allegations of the Complaint.  Nothing in this Consent Decree shall be construed as an

3    admission of any issue of law or fact or of any violation of law.  Notwithstanding the foregoing,

4    the City of Chico acknowledges its responsibility pursuant to this Consent Decree to perform

5    those acts it has agreed to undertake in this Consent Decree, and shall not deny such

6    responsibility in any proceeding brought by DTSC to enforce this Consent Decree.

7    4.3    Except as set forth in section 10 of this Consent Decree, nothing in this

8    Consent Decree shall prejudice, waive, or impair any right, remedy or defense that the City of

9    Chico may have in any other or further legal proceeding.

10    5.    **PAYMENTS BY AND ON BEHALF OF THE CITY OF CHICO**

11    Upon the Effective Date, DTSC will be entitled to payments as follows:

12    5.1    Within fifteen (15) business days of the Effective Date, the City of Chico

13    shall pay to DTSC one million seven hundred fifty thousand dollars ($1,750,000.00).  The City

14    of Chico shall pay this amount by check made out to the California Department of Toxic

15    Substances Control and identified with the Court's docket number of this case and "Site No.

16    100035."  Payment shall be mailed to:

17    Department of Toxic Substances Control
Cashier, Hazardous Substance Account
18    P. O. Box 806
Sacramento, CA 95812-0806
19

20    A copy of the check shall be mailed to:

21    Timothy E. Sullivan
Office of the Attorney General
1515 Clay Street, 20th Floor
22    Oakland, CA 94612

23    5.2    Payments by The Fidelity & Casualty Company of New York,

24    Continental Insurance Company and Continental Casualty Company (collectively referred to

25    herein as "CNA") shall be made on behalf of the City of Chico as follows:

26    (a)    CNA, an insurer for the City of Chico, shall pay directly to DTSC

27    on behalf of the City of Chico a total of four hundred fifty thousand dollars ($450,000.00),

28    pursuant to a settlement agreement between CNA and the City of Chico, of which DTSC is an

5.

1  intended beneficiary.

2              (b)     CNA's payments to DTSC shall be made according to the

3  following schedule:

4              $300,000 shall be paid within 30 days of the Effective Date; and

5              $150,000 shall be paid in January 2008.

6  CNA shall pay these amounts by checks made out to the California Department of Toxic

7  Substances Control and identified with the Court's docket number of this case and "Site No.

8  100035."  Payment shall be mailed to:

9              Department of Toxic Substances Control
             Cashier, Hazardous Substance Account
10            P. O. Box 806
             Sacramento, CA 95812-0806
11
   A copy of the checks shall be mailed to:
12
             Timothy E. Sullivan
13            Office of the Attorney General
             1515 Clay Street, 20th Floor
14            Oakland, CA 94612

15            David R. Frank
             City Attorney
16            City of Chico
             P.O. Box 3420
17            Chico, CA  95927

18              (c)     DTSC and the City of Chico acknowledge that they are entering

19  into this Consent Decree in reliance on the promise made by CNA to pay $450,000.00 to DTSC

20  in partial settlement of DTSC's claims against the City of Chico.  CNA's submission to the

21  jurisdiction of the Court is limited to section 5.2 of the Consent Decree and enforcement of

22  same.  CNA has no obligations under this Consent Decree other than to make payments to

23  DTSC as described in sections 5.2(a) and (b).

24      6.    **ACCESS TO CITY OF CHICO PROPERTY**

25          The City of Chico agrees to allow DTSC, its agents, or contractors reasonable access to

26  public rights-of-way and City of Chico property for the purposes of implementing the Proposed

27  Remedy by performing removal or remedial actions, including the installation of underground

28  pipelines in public streets within the City of Chico and the installation of extraction and

6.

1  monitoring wells.  The City of Chico agrees that it will work with DTSC in a cooperative

2  manner to ensure that DTSC's removal and remedial actions can proceed expeditiously with a

3  minimum of procedural delays.  Upon receipt by the City of Chico's City Attorney of

4  documentation that the City of Chico, its officers, agents, employees, and servants are included

5  as additional insureds under all insurance coverages DTSC will require for the work to be

6  performed by DTSC, its agents, or contractors, the City of Chico will not require DTSC, its

7  agents, or contractors to obtain additional insurance as a condition of allowing access to public

8  rights-of-way and City of Chico property.  The City of Chico will not require DTSC, its agents,

9  or contractors to post a bond for the purpose of ensuring proper future destruction of any well

10  that will be owned by DTSC or the State of California; DTSC acknowledges its responsibility to

11  properly destroy wells that it owns in accordance with standards promulgated for the

12  destruction of wells by the Department of Health Services.  DTSC, its agents, or contractors

13  will coordinate with the City of Chico Community Services Department in order to minimize to

14  the extent feasible disruptions to traffic flow and impact on City services.  Within ten (10) days

15  of the Effective Date, the City of Chico will designate an employee of the Community Services

16  Department to serve as a liaison with DTSC for coordination of access to public rights-of-way

17  and City of Chico property.

18      7.    **GOVERNMENT LIABILITIES**

19          Neither DTSC nor any other department or agency of the State of California shall be

20  liable for any injuries or damages to persons or property resulting from acts or omissions by the

21  City of Chico in carrying out activities pursuant to this Consent Decree.  Neither DTSC nor any

22  other department or agency of the State of California shall be held as a party to any contract

23  entered into by the City of Chico or its agents in carrying out activities pursuant to this Consent

24  Decree unless the contract is entered into in writing by DTSC or such other department or

25  agency of the State of California.

26      8.    **COVENANT NOT TO SUE BY DTSC**

27          8.1    Except as specifically provided in sections 8.2 and 9, below, and except

28  as may be necessary to enforce the terms of this Consent Decree, as of the date this Consent

7.

1   Decree is entered as a consent decree of the Court, DTSC covenants not to sue the City of Chico

2   for "Matters Addressed" by this Consent Decree. "Matters Addressed" includes any and all

3   civil liability for reimbursement of all or any portion of DTSC's Response Costs, past or future,

4   declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-

5   Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et

6   seq., or common law for liability for Response Costs and/or response actions, with regard to

7   releases or threatened releases of perchloroethylene and its breakdown products at, in, or from

8   the Chico Central Plume, as set forth in the Complaint.

9          8.2     "Matters Addressed" shall not include, and the covenant not to sue set

10  forth in section 8.1 above does not pertain to, any matters other than those expressly specified in

11  section 8.1. DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims

12  and causes of action DTSC may have against the City of Chico with respect to all other matters,

13  including releases or threatened releases of hazardous substances in the city of Chico other than

14  releases or threatened releases of perchloroethylene and its breakdown products at, in, or from

15  the Chico Central Plume.

16         9.    **RESERVATION OF RIGHTS**

17         9.1     The Covenant Not to Sue set forth in section 8.1 above does not pertain

18  to the following matters, which DTSC reserves, and this Consent Decree is without prejudice to

19  all rights and claims of DTSC against the City of Chico with respect to the following:

20         (a)     failure of the City of Chico to meet the requirements of this Consent

21                 Decree applicable to it;

22         (b)     damage to natural resources, as defined in section 101(6) of CERCLA, 42

23                 U.S.C. § 9601(6), including all costs incurred by any natural resources

24                 trustees; and

25         (c)     criminal liability.

26         9.2     Except as expressly provided in this Consent Decree, nothing in this

27  Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its

28  authority under any law, statute or regulation. Furthermore, nothing in this Consent Decree is

8.

1   intended, nor shall it be construed, to preclude any other state agency, department, board or

2   entity or any federal entity from exercising its authority under any law, statute or regulation.

3       10.   **COVENANTS NOT TO SUE BY THE CITY OF CHICO**

4           10.1   The City of Chico covenants not to sue, and agrees not to assert any

5   claims or causes of action against, DTSC, or its contractors or employees, for any costs or

6   damages that the City of Chico might incur or for any injuries or losses that the City of Chico

7   might suffer as a result of its performance of the requirements of this Consent Decree.  The City

8   of Chico further covenants not to sue, and agrees not to assert any claims or causes of action

9   against, DTSC, or its contractors or employees, for any and all civil liability for reimbursement

10  of all or any portion of the City of Chico's response costs, past or future, declaratory relief,

11  injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous

12  Substance Account Act, California Health & Safety Code sections 25300 et seq., or common

13  law for liability for response costs and/or response actions, with regard to releases or threatened

14  releases of perchloroethylene and its breakdown products at, in, or from the Chico Central

15  Plume.

16          10.2   The City of Chico covenants not to sue, and agrees not to assert any

17  claims or causes of action against Noret, Inc., Norville Weiss or Janet Weiss for any costs or

18  damages that the City of Chico might incur or for any injuries or losses that the City of Chico

19  might suffer as a result of its performance of the requirements of this Consent Decree.  The City

20  of Chico further covenants not to sue, and agrees not to assert any claims or causes of action

21  against Noret, Inc., Norville Weiss or Janet Weiss for any and all civil liability for

22  reimbursement of all or any portion of the City of Chico's response costs, past or future,

23  declaratory relief, injunctive relief, or any other relief under CERCLA, the Carpenter-Presley-

24  Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et

25  seq., or common law for liability for response costs and/or response actions, with regard to

26  releases or threatened releases of perchloroethylene and its breakdown products at, in, or from

27  the Chico Central Plume.  This covenant not to sue is intended by the City of Chico to activate

28  reciprocal releases by Noret, Inc., Norville Weiss and Janet Weiss in favor of the City of Chico,

9.

1   as set forth in paragraph 11.2 of the Settlement Agreement and Consent Decree between DTSC

2   and Noret, Inc., Norville Weiss and Janet Weiss, which was approved by this Court on

3   October 4, 2006.

4        11.   **EFFECT OF CONSENT DECREE**

5             11.1   This Consent Decree constitutes the resolution of the City of Chico's

6   liability to DTSC with respect to the Matters Addressed in a judicially approved settlement

7   within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).  The parties

8   intend that this Consent Decree constitute the resolution of the liability, if any, of the City of

9   Chico, as alleged joint tortfeasor or co-obligor with any other defendant, for equitable

10  comparative contribution, or partial or comparative indemnity, based on comparative

11  negligence or comparative fault as to releases or threatened releases of perchloroethylene and

12  its breakdown products at, in, or from the Chico Central Plume.

13            11.2   Accordingly, upon entry of this Consent Decree as a consent decree of

14  the Court, and provided that the City of Chico performs all of its obligations under this Consent

15  Decree, the City of Chico shall be entitled, as of the date this Consent Decree is entered as a

16  consent decree of the Court, to protection against all claims for contribution, pursuant to section

17  113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the Matters Addressed by this Consent

18  Decree (as described in section 8), and by entering this Consent Decree this Court makes a

19  determination pursuant to California Code of Civil Procedure section 877.6 that the settlement

20  was made in good faith and shall bar any other joint tortfeasor or co-obligor from any further

21  claims against the City of Chico for equitable comparative contribution, or partial or

22  comparative indemnity, based on comparative negligence or comparative fault, to the fullest

23  extent permitted by law.

24            11.3   Except as specifically provided in this Consent Decree, nothing in this

25  Consent Decree is intended, nor shall be construed, to waive, release, or otherwise affect any

26  right, claim, or cause of action held by any party to this Consent Decree against, or to provide a

27  covenant not to sue to, any third person not a party to this Consent Decree, or to in any way

28  limit, restrict, or impair the right of any party to this Consent Decree to assert rights, claims,

10.

1  causes of actions, and defenses against any third person not a party to this Consent Decree,

2  including without limitation, the right to seek payment, reimbursement, contribution, or

3  indemnity from such persons for obligations incurred or to be incurred, or actions taken or to be

4  taken, under this Consent Decree.  Except as specifically provided in this Consent Decree,

5  DTSC and the City of Chico expressly reserve any rights, claims, or causes of actions they

6  might have against any third person not a party to this Consent Decree.

7          11.4    This Consent Decree is contingent and dependent on all of its terms being

8  approved and entered by the Court.  If the Court does not approve and enter this Consent

9  Decree, DTSC and the City of Chico reserve all of their respective rights, remedies, and

10  defenses.

11          11.5    This Consent Decree is not intended, nor shall it be construed, to limit or

12  otherwise affect DTSC's right to select a remedial action for the Chico Central Plume that is

13  different from or inconsistent with the Proposed Remedy.

14      12.  **RETENTION OF RECORDS**

15          12.1    The City of Chico shall provide to DTSC, upon request, copies of all

16  documents and information within its possession or control or that of their contractors or agents

17  relating to the implementation of this Consent Decree, including, but not limited to design

18  specifications, reports of construction activities, contracts, invoices, sampling, analysis, chain of

19  custody records, manifests, trucking logs, receipts, reports, sample traffic routing,

20  correspondence, easements, permits, grants of access to public property, and city government

21  resolutions.  Such records shall be preserved by the City of Chico until 10 years after the entry

22  of this Consent Decree, or 10 years after creation of a record or document, whichever is later.

23          12.2    The City of Chico may assert that certain documents, records, and other

24  information are privileged under the attorney-client privilege or any other privilege recognized

25  by law.  If the City of Chico asserts such a privilege, it shall provide DTSC with the following:

26  (1) the title of the document, record, or information; (2) the date of the document, record, or

27  information; (3) the name and title of the author of the document, record, or information; (4) the

28  name and title of each addressee and recipient of the document, record, or information; (5) a

11.

1   description of the subject of the document, record, or information; and (6) the privilege asserted

2   by the City of Chico.  However, no documents, records, or other information created or

3   generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds

4   that they are privileged.  If a claim of privilege applies only to a portion of a document, the

5   document shall be provided to DTSC in redacted form to mask the privileged information only.

6   The City of Chico shall retain all records and documents it claims to be privileged until DTSC

7   has had a reasonable opportunity to dispute the privilege claim and any such dispute has been

8   resolved in the City of Chico's favor.

9        13.    **NOTIFICATION**

10            13.1.    Notification to or communication between the parties to this Consent

11   Decree as required or provided for in this Consent Decree shall be addressed as follows:

12        As to DTSC:

13                    Jim Tjosvold
                     Chief, Northern California Central Cleanup Operations Branch
14                   Department of Toxic Substances Control
                     8800 Cal Center Drive
15                   Sacramento, CA 95826-3200
                     Attn: Donald Mandel, Project Manager for Chico Central Plume
16                   facsimile: (916) 255-3696

17                    Judith Tracy, Esq.
                     Office of Legal Counsel
18                   Department of Toxic Substances Control
                     1001 "I" Street
19                   P.O. Box 806
                     Sacramento, CA 95812
20                   facsimile: (916) 323-5542

21                    Timothy E. Sullivan, Esq.
                     Deputy Attorney General
22                   California Department of Justice
                     1515 Clay Street, 20th Floor
23                   P.O. Box 70550
                     Oakland, CA 94612-0550
24                   facsimile: (510) 622-2270

25        As to the City of Chico:

26                    Community Services Director
                     City of Chico
27                   411 Main Street
                     P.O. Box 3420
28                   Chico, CA 95927

12.

City Attorney
City of Chico
411 Main Street
P.O. Box 3420
Chico, CA 95927

Francis M. Goldsberry II
Goldsberry, Freeman & Guzman, LLP
777 12th Street, Suite 250
Sacramento, CA 95814

As to CNA:

Gwen Brathwaite
CNA
1249 South River Road
P.O. Box 2002
Cranbury, NJ 08512
facsimile:  (609) 655-6609

13.2.    Upon 10 days notice to the other party, a party to this Consent Decree

may substitute another person for an addressee named above to receive notifications or

communications as required or provided for in this Consent Decree.

14. **MODIFICATION OF CONSENT DECREE**

This Consent Decree may only be modified upon the written agreement of DTSC and

the City of Chico and the approval of the Court, or upon order of the Court after noticed motion

by a party to this Consent Decree.

15. **APPLICATION OF CONSENT DECREE**

This Consent Decree shall apply to and be binding upon DTSC, the City of Chico, CNA

as to sections 5.2(a) and (b) only, and each of their respective successors and assigns.  The

provisions of this Consent Decree shall inure to the benefit of DTSC, the City of Chico, and

each of their respective successors and assigns.  The provisions of this Consent Decree shall

also inure to the benefit of the officers, directors, employees and agents of the City of Chico, in

their capacities as such.

16. **AUTHORITY TO ENTER**

Each signatory to this Consent Decree certifies that he or she is fully authorized by the

party he or she represents to enter into this Consent Decree, to execute it on behalf of the party

represented, and legally to bind that party.

13.

17.  **INTEGRATION**

This Consent Decree, including the exhibits and other materials incorporated herein by reference, constitutes the entire agreement between DTSC and the City of Chico and may not be amended or supplemented except as provided for in this Consent Decree.

18.  **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree.

19.  **EXECUTION OF DECREE**

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

20.  **INTERPRETATION**

California law governs the interpretation of this Consent Decree.  This Consent Decree shall be deemed to have been drafted equally by all parties hereto.

21.  **ATTORNEYS FEES AND COSTS**

As to each other, each party to this Consent Decree shall bear its own costs, attorneys' fees, expert witness fees and all other costs of litigation.  This paragraph shall have no effect on the parties' right to recover these fees or costs from any other party.

22.  **APPROVALS OF PARTIES**

Plaintiff DTSC consents to this Consent Decree by its authorized representative as follows:

                                        CALIFORNIA DEPARTMENT OF
                                        TOXIC SUBSTANCES CONTROL

Dated:  7/31/07                          /s/ James Tjosvold
                                        James Tjosvold
                                        Chief, Northern California-Central Cleanup
                                          Operations Branch
                                        California Department of Toxic
                                        Substances Control

14.

1    City of Chico consents to this Consent Decree by its authorized representative as follows:

2                                              CITY OF CHICO

3
     Dated:  7/23/07                           /s/  Gregory T. Jones
4                                              Gregory T. Jones
                                               City Manager
5

6    CNA consents to this Consent Decree by its authorized representative as follows:

7                                              CNA

8
     Dated:  8/14/07                           By:  Michael Sehr
9                                              Its:  Senior Vice President

10
     APPROVED AS TO FORM:
11
     Dated:  7/27/07
12                                                  EDMUND G. BROWN JR.
                                                    Attorney General of the State of California
13                                                  TOM GREENE
                                                      Chief Assistant Attorney General
14                                                  THEODORA BERGER
                                                      Senior Assistant Attorney General
15                                                  SALLY KNOX
                                                      Supervising Deputy Attorney General
16                                                  ROSE B. FUA
                                                    Deputy Attorney General
17

18                                             By /s/ Timothy E. Sullivan
                                                    TIMOTHY E. SULLIVAN
19                                                  Deputy Attorney General
                                                    Attorneys for Plaintiff California Department
20                                                  of Toxic Substances Control

21
     Dated:  7/31/07
22                                             By: /s/ Francis M. Goldsberry II
                                                    FRANCIS M. GOLDSBERRY II
23                                                  FRANCIS M. GOLDSBERRY III
                                                    Goldsberry, Freeman & Guzman, LLP
24                                                  Attorneys for City of Chico, California

25
     Dated:  7/23/07
26                                             By: /s/ David R. Frank
                                                    DAVID R. FRANK
27                                                  City Attorney
                                                    City of Chico
28

                                       15.

Settlement Agreement & Consent Decree                    Case No. CIV. S-02-0442 LKK DAD

1    **IT IS SO ORDERED, ADJUDGED AND DECREED:**

2

3    Dated: January 8, 2008.

4

5

6                                          LAWRENCE K. KARLTON
7                                          SENIOR JUDGE
                                           UNITED STATES DISTRICT COURT
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        16.